UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN AMIR HARRIS, ) | |
|       PLAINTIFF ) | |
| ) | |
| VS. ) | Civil Action No: _____ |
| ) | |
| MARK GARMAN, SUPERINTENDENT ) | |
| STATE CORRECTIONAL INSTITUTION ) | |
| AT ROCKVIEW, ET AL., ) | MOTION PURSUANT TO |
|       DEFENDANT ) | FED.R.CIV.P. RULE 60(B) |

### ORDER OF COURT

**AND NOW,** This \_\_\_\_\_ day of _____, 20 \_\_\_ upon the due consideration of the above captioned Motion for Relief from a Judgment Pursuant to **Fed.R.Civ.P. Rule 60(b)**, IT IS HEREBY ORDERED AND DECREED THAT:

_____

_____

_____

_____.

*[Stamp: FILED SCRANTON JUL 20 2018  PER [signature] DEPUTY CLERK]*

BY THE COURT:

_____

J.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN AMIR HARRIS, <br>            PLAINTIFF <br><br> VS. <br><br> MARK GARMAN, SUPERINTENDENT <br> STATE CORRECTIONAL INSTITUTION <br> AT ROCKVIEW, ET AL., <br>            DEFENDANT | ) <br> ) <br> ) <br> ) Civil Action No: _____ <br> ) <br> ) <br> ) <br> ) MOTION PURSUANT TO <br> ) FED.R.CIV.P. RULE 60(B) |

## MOTION FOR RELIEF FROM A JUDGMENT PURSUANT TO FED.R.CIV.P. RULE 60(B)

TO THE HONORABLE JUDGE(S) OF THE ABOVE SAID COURT:

AND NOW, comes the Plaintiff, Shawn Amir Harris, (Mr. Harris), Pro Se, who prays this Honorable Court grant relief pursuant to **Fed.R.Civ.P. Rule 60(b)**. Mr. Harris hereby avers the following in support thereof:

1. Shawn Amir Harris, Plaintiff in the above captioned matter, is currently incarcerated in the State Correctional Institution at Rockview, located at 1 Rockview Place, Bellefonte, PA 16823.

2. Respondent, Mark Garman, (Mr. Garman), is the Superintendent of the State Correctional Institution at Rockview. Mr. Garman is represented by Theron

2

Richard Perez, Esq. Chief Counsel for the Department of Corrections whose office is 1920 Technology Parkway, Mechanicsburg, PA 17050. Phone Number for Mr. Perez, Esq. is (717)-728-2574.

## Procedural History

2. Mr. Harris was returned to prison as a convicted parole violator. Mr. Harris' parole number is #324CF.

3. On October 13, 2009, Mr. Harris was released on Parole from S.C.I. Mahanoy.

4. On August 24, 2011, Mr. Harris was arrested on new charges in Delaware County.

5. On August 31, 2011, the Pennsylvania Board of Probation & Parole lodged a detainer against Mr. Harris for the new charges pending in Delaware County.

6. On July 11, 2012, Mr. Harris waived his Preliminary Hearing in Delaware County, on the new charges.

7. On August 9, 2012, Mr. Harris was arraigned on the new charges.

8. On October 16, 2012, Mr. Harris filed a motion to suppress evidence.

9. On January 30, 2013, a suppression hearing was held in the Court of Common Pleas, Delaware County, by the Honorable Judge Kevin F. Kelly.

10. On February 1, 2013, Mr. Harris' Motion to suppress evidence was denied by Judge Kelly.

11. On July 24, 2013, Mr. Harris had a non-jury trial, on the same day, Mr. Harris was found guilty by Judge Kelly.

12. On September 24, 2013, the Commonwealth filed a Notice of Intention to seek the imposition of the mandatory minimum sentence, pursuant to **18 Pa.C.S.A. § 7508**.

13. On October 2, 2013, Mr. Harris was sentenced to a Mandatory Minimum Sentence of five (5) to fifteen (15) years total confinement at a State Correctional Facility.

14. On October 18, 2013, The Pennsylvania Board of Probation and Parole rendered a decision on Mr. Harris' "Green Sheet" stating, "Recomit to a State

4

Correctional Institution, to serve twenty-four (24) months backtime, for the offense of Possession with Intent to Deliver Cocaine.

15. The Parole Board also ordered Mr. Harris to remain misconduct free, take Drug & Alcohol Treatment, and participate in any treatment determined appropriate. The Parole Board concluded with, "Petitioner isn't eligible for re-parole, until July 21, 2015.

16. On October 23, 2013, Mr. Harris filed a timely Petition for Administrative Review, on PBPP-40 Form, to the Pennsylvania Board of Probation and Parole, challenging the re-calculation of Mr. Harris' original maximum sentence.

## Text of the Order in Question

17. The instant petition pursuant to **Fed.R.C.P. Rule 60(b)** is based upon the Order entered by the Honorable Matthew W. Brann on the 9th day of November, 2016. Said Order is reproduced verbatim infra:

> "In conclusion, the Parole Board had the discretion under controlling Pennsylvania law to initiate a recalculation of Harris' maximum release date on his original sentence. Second, Petitioner has not established that the challenged recalculation constitution an unreasonable application of clearly established Federal law. Finally, there has been no showing by Petitioner that the Parole Board's recalculation was incorrect. Consequently, there is no basis for federal habeas corpus releft. An Appropriate Order will issue.
>
> BY THE COURT:

s/ Matthew W. Brann
United States District Judge

## ORDER

November 9, 2016

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Harris' habeas corpus petition is **DENIED**

2. The Clerk of Court is directed to **CLOSE** this case

3. Based on the Court's conclusion herein, there is no basis for the issuance of certificate of appealability.

BY THE COURT:

s/ Matthew W. Brann
United States District Judge"

18.    Mr. Harris contends that the reasoning behind the time-lapse of filing of the instant Relief from judgment pursuant to **Fed.R.C.P. Rule 60(b)** is based upon the fact that Mr. Harris' Legal material was confiscated by the Search teams of the State Correctional Institution at Rockview to "frustrate [Mr. Harris'] legal activities" (**Ellis v. Knowles, 2006 U.S. Dist. Lexis 36435 (2006)**. Upon the confiscation of said legal material, Mr. Harris asked the Security Lieutenant Vance to return the property, yet after several months, was unable to obtain, them, when they were finally obtained, Mr. Harris sought the legal assistance of the Legal Reference Aides located within the State

Correctional Institution at Rockview, who have assisted Mr. Harris in preparing the above captioned matter.

## Discussion

19. Recently, the Pennsylvania Supreme Court in **Pittman v. P.B.P.P., 159 A.3d 466 (2017)**, the Court held that the Pennsylvania Board of Probation and Parole, (P.B.P.P.) abused its discretion when it did not consider whether to grant Convicted Parole Violators credit for time at liberty spent on parole when the Court opined:

> "[W]e hold that the Board abuses its discretion in failing to consider whether to grant CPVs[1] credit for time spent at liberty on parole under the plain language of Subsection 6138(a)(2.1) of the Parole Code, 61 Pa.C.S. § 6138(a)(2.1). Additionally, in order to effectuate the intent of the General Assembly in enacting Subsection 6138(a)(2.1), we further hold that the Board must provide a contemporaneous statement explaining its rationale for denying a CPV credit for time spent at liberty on parole…"

(**Pittman, Slip Op at 1**)

20. Specifically the **Pittman** Court analyzed the Boards discretion found within **61 Pa.C.S.A. § 6138** which states:

"**§ 6138. Violation of terms of parole**

**(a) Convicted Violators.—**

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

---

[1] CPV defined as used within **Pittman** is a Convicted Parole Violator.

7

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>
> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order)."

21. The **Pittman** Court further clarified **61 Pa.C.S.A. § 6138**, supra when the

Court states:

> "As an initial matter, we hold that Subsection 6138(a)(2.1) clearly and unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence, except when the CPV is recommitted for the reasons stated in Subsections 6138(a)(2.1)(i) and (ii). In this case, Appellant was not recommitted for reasons enumerated in Subsections 6138(a)(2.1)(i) and (ii). Thus, contrary to the Board's proffered rationale during the administrative review phase that CPVs automatically forfeit credit, the Board unquestionably had the discretion to grant Appellant credit if it so desired. Accordingly, based upon the record before us, the Board abused its discretion under Subsection 6138(a)(2.1) by concluding that it had no discretion and, consistent therewith, denied Appellant credit without conducting any individual assessment of the facts and circumstances surrounding his parole revocation."

**(Pittman, Slip Op at 12)**

22. In the matter sub judice, Mr. Harris contends that the P.B.P.P. abused its discretion[2] in removing time at liberty on parole. Specifically, Mr. Harris raises the fact that the time spend at liberty on parole removed from him by the P.B.P.P. of nine hundred twenty-nine (929) days was not proper based upon the principles of **Pittman**, supra. After conviction as a "Parole Violator," the P.B.P.P. credited Mr. Harris with a total of one hundred thirty-four days of time spent confined from April 25, 2012 to April 29, 2012, a total of four (4) days; July 24, 2013 to October 2, 2013, a total of seventy (70) days; and August 7, 2010 to October 6, 2010 a total of sixty (60) days. This allowed for a remaining time-line of seven-hundred ninety-five (795) days to be applied in recalculating Mr. Harris' sentence maximum.

23. Utilizing the seven-hundred ninety-five (795) days revoked time at liberty on parole, Mr. Harris contends that the Parole Board did not provide "a contemporaneous statement explaining its rationale for denying a CPV credit for time spent at liberty on parole," (**Pittman**, supra), as the both the original charged crimes and the new charges are Possession with Intent to Deliver a Controlled Substance, it stands to reason that neither is a crime of violence, nor a sexual crime.

---

[2] *See* **Zappala v. Brandolini Property Management, Inc., 909 A.2d 1272, 1284 (Pa. 2006)** ("An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record.") (citation omitted).

24. Therefore, the P.B.P.P. had discretion on whether or not to remove time at liberty on parole pursuant to **61 Pa.C.S.A. § 6138(2.1)** however, declined to give credit. **Pittman** now requires the P.B.P.P. to consider the plain language of the statutory provision.

25. As such, Mr. Harris contends that the plain language of the statutory provision at **61 Pa.C.S.A. § 6138** requires that the time at liberty on parole of seven-hundred ninety-five (795) days be credited to Mr. Harris.

26. At a minimum, Mr. Harris should be entitled to a reasoning behind the elimination of the time at liberty on parole, if the P.B.P.P. exercises its discretion properly utilizing **Pittman**, supra. However, in the instant matter, Mr. Harris was not given the benefit of reasoning, the time was simply taken from him and set to extend his maximum sentence, which in itself violates standard Pennsylvania jurisprudence.

27. Pennsylvania jurisprudence is well settled on the fact that the Parole Board cannot extend the maximum term of an offender due to the fact the Parole Board cannot alter a judicially imposed Order. Such is found within this Honorable Court's decision within **Yates v. P.B.P.P., 48 A.3d 496 (2012)** which states:

> "[I]t is well settled that the Board is not permitted to impose backtime which exceeds the entire remaining balance of parolee's unexpired term. The Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a

judicially-imposed sentence. The Board must clarify its order when it decides to recommit a parolee for the balance of his unexpired term.

(**Yates, 48 A.3d at 502**)(quoting **Savage v. P.B.P.P., 751 A.2d 643, 645 (2000)**).

28. This Honorable Court's decision in **Yates** defines "backtime" as:

"that part of an existing judicially-imposed sentence which Board directs a parolee to complete following a finding... that the parolee violated the terms and conditions of parole, and before the parolee begins to serve the new sentence."

(**Yates 48 A.3d at 499**)(quoting **Cimaszewski v. P.B.P.P., 868 A.2d 416, 419 (2005)**).

29. Mr. Harris contends that utilizing the principles within **Pittman** and the requirements of **Yates** forbidding the P.B.P.P. from extending his original maximum imposed sentence, he should be eligible for the entire time at liberty spent on parole credit of seven-hundred ninety-five (795) days.

**WHEREFORE**, for the foregoing reasons, Mr. Shawn Amir Harris, Pro Se, Petitioner in the above captioned matter, hereby prays this Honorable Court grant relief pursuant to **Fed.R.Civ.P. Rule 60(b)**, crediting the time spend at liberty on parole of seven-hundred ninety-five (795) days to Mr. Harris, forbidding the P.B.P.P. from extending the originally judicially imposed maximum sentence, and/or any other applicable remedy that this Honorable Court deems prudently appropriate.

11

Respectfully Submitted,

Date: July 12, 2018

*[signature]*
(signature)

Shawn Amir Harris  # MH0995
Pro Se, Petitioner
S.C.I. Rockview
1 Rockview Place
Bellefonte, PA 16823-0820

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN AMIR HARRIS,<br>    PLAINTIFF | )<br>)<br>) |
| VS. | ) Civil Action No: _____<br>) |
| MARK GARMAN, SUPERINTENDENT<br>STATE CORRECTIONAL INSTITUTION<br>AT ROCKVIEW, ET AL.,<br>    DEFENDANT | )<br>)<br>) MOTION PURSUANT TO<br>) FED.R.CIV.P. RULE 60(B) |

### **CERTIFICATE OF SERVICE**

I, Shawn Amir Harris, Pro Se, Petitioner, do hereby aver that copies of the attached/enclosed Motion for Relief from a Judgment Pursuant to **Fed.R.Civ.P. Rule 60(b)** have been mailed to the below listed person(s) by First Class Mail, postage paid, on this 12th day of July, 2018, in compliance with Pennsylvania Rules of Criminal Procedure, **Fed.R.A.P. Rule 4**.

This service also satisfies the requirements of the **Prisoner's Mailbox Rule**, outlined in **Houston v. Lack, 108 S.Ct. 2379 (1988)**; under penalty of perjury (**28 U.S.C. § 1746**).

13

**Service by First Class Mail:**

Honorable Judges of the
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Building
& US Courthouse
235 North Washington Avenue
PO Box 1148
Scranton, PA 18501-1148

**Service by First Class Mail:**

Peter J. Welsh, Acting Clerk of Court
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Building
& US Courthouse
235 North Washington Avenue
PO Box 1148
Scranton, PA 18501-1148

**Service by First Class Mail:**

Board of Probation and Parole
1101 S. Front Street
Harrisburg, PA 17104-2519

**Service by First Class Mail:**

Theron Richard Perez, Chief Counsel
Office of Chief Counsel
Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

Respectfully Submitted,

Date: July 12, 2018

_____
(signature)

Shawn Amir Harris  # MH0995
Pro Se, Petitioner
S.C.I. Rockview
1 Rockview Place
Bellefonte, PA 16823-0820

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN AMIR HARRIS, ) | |
| PLAINTIFF ) | |
| ) | |
| VS. ) | Civil Action No: _____ |
| ) | |
| MARK GARMAN, SUPERINTENDENT ) | |
| STATE CORRECTIONAL INSTITUTION ) | |
| AT ROCKVIEW, ET AL., ) | MOTION PURSUANT TO |
| DEFENDANT ) | FED.R.CIV.P. RULE 60(B) |

### UNSWORN DECLARATION

The facts set forth in the foregoing Motion pursuant to **Fed.R.Civ.P. Rule 60(b)** are true and correct to the best of the Mr. Harris' knowledge, information, and belief and are verified subject to the penalties for unsworn falsification to authorities under Pennsylvania Crimes Code 4904 (**28 U.S.C. § 1746**).

No Notary
Required

Respectfully Submitted,

Date: July 12, 2018

_____
(signature)

Shawn Amir Harris  # MH0995
Pro Se, Petitioner
S.C.I. Rockview
1 Rockview Place
Bellefonte, PA 16823-0820

U.S. POSTAGE >> PITNEY BOWES
$ 000.47⁰
ZIP 16823
02 1N
0001403631 JUL 16 2018

INMATE MAIL
PA DEPT OF
CORRECTIONS

RECEIVED
SCRANTON
JUL 20 2018
PER _____
DEPUTY CLERK

SCI Rockview
P.O. Box A
Bellefonte, PA 16823

Honorable Judges of the
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Building
& US Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148