IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN AMIR HARRIS, :
:
    Plaintiff, :
:
v. : No.: 4:18-CV-1449
:
MARK GARMAN, : (Judge Brann)
:
    Defendant. :

## MEMORANDUM OPINION

### JULY 30, 2018

**I.    BACKGROUND**

Shawn Amir Harris, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview), filed this *pro se* motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(B).

Harris' motion has been docketed by the Clerk of Court's office as being a new civil rights complaint pursuant to 42 U.S.C. § 1983. Based upon a review of the Petitioner's motion, he is clearly seeking relief with respect to the dismissal of his previously filed habeas corpus action, *Harris v. Glunt*, Civil No. 4:14-CV-2467, which was closed on November 9, 2016.

Petitioner's previously addressed action sought federal habeas corpus relief on the grounds that the Pennsylvania Board of Probation and Parole (Parole Board) acted improperly when it recalculated his maximum original sentence date from April 29, 2012 to December 6, 2015. The Petitioner's pending motion asserts that the dismissal of his claim of improper sentence recalculation by the Parole Board should be reconsidered in light of a recent decision by the Supreme Court of Pennsylvania.

Harris' pending submission is not accompanied by an *in forma pauperis* application or the filing fee required for the initiation of a new federal civil rights action. As previously noted, the document is clearly captioned as being a motion for relief from judgment and not as a new federal civil rights complaint. *See* Doc. 1, p. 1.

Furthermore, it is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1975). The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. *See Georgevich v. Strauss*, 772 F.2d 1078, 1086 (3d Cir. 1985).

Based upon the above considerations, this matter will be closed as Petitioner's motion should not be construed as a new federal civil rights action.

However, the Clerk of Court will be directed to docket Petitioner's pending motion for relief from judgment in his prior habeas corpus action, *Harris*, Civil No. 4:14-CV-2467. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge